NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0016n.06

Case No. 10-3168

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jan 09, 2012*

LEONARD GREEN, Clerk

| | |
|---|---|
| PATRICK COLE, et al., | ) |
| | ) |
| Plaintiffs-Appellants, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE NORTHERN |
| KEVIN HARRIS, et al., | ) DISTRICT OF OHIO |
| | ) |
| Defendants-Appellees. | ) |
| | ) |

BEFORE: BATCHELDER, Chief Judge; SUHRHEINRICH and GRIFFIN, Circuit Judges.

ALICE M. BATCHELDER, Chief Circuit Judge. The plaintiffs "invested" almost $22 million with the defendants based on the defendants' promise of 5% or more per month in profits with only 20% of the money at risk. The "investment" turned out to be a Ponzi scheme.

The plaintiffs sued, claiming numerous securities-law violations, including violations of Section 10(b), Rule 10B-5, and Section 17(a), as well as common law fraud, breach of contract, breach of fiduciary duty, conversion, civil RICO, Ohio Revised Code § 2923.32(A)(3) corrupt activities, and Ohio Revised Code § 1707.44 false representations in sales of securities. The parties agreed to determination by a magistrate judge.

One defendant moved the court to dismiss the complaint pursuant to Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act (PSLRA), on the basis that the plaintiffs had failed to allege fraud with particularity. The plaintiffs replied that "the amended complaint's allegations of fraud are sufficiently specific." Six days later, another defendant moved to dismiss, also citing the plaintiffs' failure to plead with particularity. The plaintiffs replied that

because their complaint alleged a Ponzi scheme, the defendants were well aware of the charges against them and the complaint was sufficiently particular and needed no further amendment.

The magistrate judge found, pursuant to Rule 9(b), that the plaintiffs had failed to plead the common-law-fraud claim with sufficient particularity; the court dismissed that claim *without* prejudice. The court dismissed the RICO claims as stipulated by the parties, and declined to exercise supplemental jurisdiction over the remaining state law claims.

The court also found that the plaintiffs had failed to plead the federal-securities-law claims with the particularity required by the PSLRA, and dismissed those claims *with* prejudice. In dismissing with prejudice, the court relied on Sixth Circuit case law in which we held that "allowing repeated filing of amended complaints would frustrate the purpose of the PSLRA." *See PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 700 (6th Cir. 2004); *Miller v. Champion Enters Inc.*, 346 F.3d 660, 690 (6th Cir. 2003). The court denied the plaintiffs an opportunity to further amend their complaint because they had already argued — in response to both motions to dismiss for lack of particularity — that the complaint was fine as written and no amendment was necessary. Both *Miller* and *PR Diamonds* support the denial of the motion to amend, and the court was justified in relying on those cases.

After carefully reviewing the record, the law, and the arguments on appeal, we conclude that the court's orders correctly set out the applicable law and correctly apply that law to the facts in the record. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the magistrate judge's Memorandum Opinion and Orders, we **AFFIRM**.